| | |
|---|---|
| 1 | **GUTTILLA MURPHY ANDERSON, P.C.**<br>Dawn M. Maguire (Ariz. No. 20368) |
| 2 | 5415 E. High St., Suite 200<br>Phoenix, Arizona 85054 |
| 3 | Email: dmaguire@gamlaw.com<br>Phone: (480) 304-8300 |
| 4 | Fax: (480) 304-8301 |
| 5 | Attorneys for Chapter 7 Trustee Dina Anderson |

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| In re: | Chapter 7 |
|---|---|
| PROSOLUTIONS L.L.C., | Case No. 2:16-bk-08653-MCW |
| Debtor. | **NOTICE OF DEPOSITION AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

**YOU ARE HEREBY NOTIFIED** that, pursuant to Order of the United States Bankruptcy Court, <u>**a copy of which is attached**</u>, a deposition will be taken upon oral examination of the persons whose names are stated below at the time and place stated below, before an officer authorized by law to administer oaths.

| | |
|---|---|
| **PERSONS TO BE EXAMINED**: | An authorized representative of AmeriCapital, LLC ("AmeriCapital"), the purported servicing agent for (i) E.E. Cox L.L.C.; (ii) Douglas J. Kingston, a single man; (iii) First Trust Company of Onaga FBO, Douglas J. Kingston; (iv) Infinity Trust, Kathy Raymond, Trustee; and (v) BDR Investments, LLC |
| **BEFORE WHOM TO APPEAR**: | Dawn M. Maguire<br>GUTTILLA MURPHY ANDERSON, P.C.<br>Attorneys for Chapter 7 Trustee Dina Anderson |
| **DATE AND TIME OF APPEARANCE**: | April 12, 2017 at 10:00 a.m. |
| **PLACE OF APPEARANCE**: | GUTTILLA MURPHY ANDERSON, P.C.<br>5415 E. High St., Suite 200<br>Phoenix, AZ 85054 |

The deposition may be stenographically recorded.

/ / /

/ / /

/ / /

## PRODUCTION OF DOCUMENTS

Further, pursuant to the Bankruptcy Court Order, the above named deponents are required to produce the following documents:

**DOCUMENTS TO BE PRODUCED**: See **Exhibit A** attached

**DATE AND TIME OF PRODUCTION:** March 23, 2017 by 5:00 p.m.

**PLACE OF PRODUCTION**: GUTTILLA MURPHY ANDERSON, P.C.
5415 E. High St., Suite 200
Phoenix, AZ 85054

DATED: February 23, 2017

**GUTTILLA MURPHY ANDERSON, P.C.**

*/s/ Dawn M. Maguire #20368*
Dawn M. Maguire
Attorneys for Chapter 7 Trustee Dina Anderson

**E-FILED** on February 23, 2017 with the U.S. Bankruptcy Court and copies served via ECF notice on all parties that have appeared in the case.

**COPY** e-mailed the same date to:

Dina Anderson
*Chapter 7 Trustee*

D. Lamar Hawkins
Heather A. Macre
AIKEN SCHENK HAWKINS & RICCIARDI, P.C.
2390 East Camelback Rd., Suite 400
Phoenix, AZ 85016-3479
dlh@ashrlaw.com
ham@ashrlaw.com
*Attorneys for Debtor*

Adam E. Hauf
HAUF LAW PLC
4225 W. Glendale, Ste A104
Phoenix, AZ 85051
adam@hauflaw.com
admin@hauflaw.com
*Attorneys for AmeriCapital, LLC,
as servicing agent for the following:
EE. Cox L.L.C.; Douglas J. Kingston, a single man;
First Trust Company of Onaga FBO, Douglas J. Kingston;
Infinity Trust, Kathy Raymond, Trustee; and
BDR Investments, LLC*

| | |
|---|---|
| 1 | Mark Brnovich<br>Attorney General |
| 2 | Mitchell Allee<br>Valerie Marciano |
| 3 | Assistant Attorneys General<br>Office of The Attorney General |
| 4 | 1275 West Washington Street<br>Phoenix, AZ 85007-2926 |
| 5 | Mitchell.Allee@azag.gov<br>Valerie.marciano@azag.gov |
| 6 | *Attorneys for the State of Arizona* |
| 7 | **COPY** mailed the same date via U.S. Mail to: |
| 8 | Jennifer Giaimo<br>Office of the U.S. Trustee |
| 9 | 230 N. First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 10 | |
| 11 | ProSolutions, L.L.C.<br>P.O. Box 11036<br>Scottsdale, AZ 85271-1036 |
| 12 | *Debtor* |
| 13 | Michael G. Helms<br>HELMS LAW GROUP, PLC |
| 14 | 1302 W. Camelback Rd.<br>Phoenix, Arizona 85013 |
| 15 | *Attorneys for ProSolutions, LLC* |
| 16 | */s/ Monica Baca* |

# EXHIBIT A

# DEFINITIONS

For the purposes of this Rule 2004 Request, the following words shall have the meanings indicated below:

1. "**Debtor**" shall mean ProSolutions, L.L.C.

2. "**Bankruptcy Case**" shall mean Bankruptcy Case No. 2:16-bk-08653-MCW pending in the United States Bankruptcy Court for the District of Arizona.

3. "**Petition Date**" shall mean July 28, 2016 the date the Debtor filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code.

4. "**Conversion Date**" shall mean September 26, 2016 the date the Bankruptcy Case converted to a Chapter 7.

5. The term "**Document**" or "**Documents**" means all writings or printed matter of any kind, and is intended to have the broadest possible meaning under Fed.R.Bankr.P. 2004 and 9016 and includes, but is not limited to, any handwritten, recorded, printed, typed, computerized, graphics or photographic material of any kind or character as well as any electronically stored information including, without limitation:

   (a) the originals and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise);

   (b) any alterations, amendments, changes, drafts, or modifications;

   (c) accounting ledgers and journals; accounts payable and receivable; agreements; appraisals and valuation estimates of any kind; audit reports and responses; balance sheets; bank records; checks (canceled or otherwise); books; brochures; bulletins; calendars; cash flow records; catalogs; charge, personal, sale, or other receipts; communications; computer input, output, or records of any type; contracts; correspondence; credit and loan applications; court filings; diaries; deeds; expense records; financial data, statements, or projections; insurance records; invoices; letters; logs; magazines; memoranda; messages; minutes; newspapers; notes; offers; operating statements; pamphlets; periodicals; plans; price lists; promissory notes; pro formas; prospectuses; publicity materials; reports; resolutions; statements; statistics; stock certificates; studies; summaries; tax returns and records; telegrams; telephone records; teletypes; telefax; transcripts or other records of interviews or testimony given before any person, officer, or tribunal (whether sworn or unsworn); and worksheets;

   (d) all graphics or records or representations of any kind, including, without limitation, audiotapes, cassettes, computer diskettes or printouts, CDs, charts, data card programs, data compilations, discs, drawings or other representations or depictions, graphs, maps, microfiches, microfilm, motion pictures, other input or output of data processing systems, photographs (positive print or negative), recordings, and videotapes; and

(e) every other device or medium, mechanical or electrical, on or through which information of any type is transmitted, recorded, or preserved.

6. **"Evidencing"** shall mean with respect to, relating to, referring to, regarding, supporting, substantiating, purporting, embodying, establishing, identifying, listing, evidencing, comprising, connected with, memorializing, recording, commenting upon, responding to, showing, describing, analyzing, reflecting, representing, constituting, supporting, contradicting, or explaining, whether in whole or in part.

7. **"Including"** shall mean "including but not limited to".

8. **"Refer"** or **"Relate"** shall mean containing, stating, discussing, constituting, reflecting, describing, showing, consisting of, making reference to or having any connection with the topic specified.

9. **"AmeriCapital"** refers to AmeriCapital, LLC and where applicable, its agents, representatives, officers, members, or employees.

10. **"Account"** means any financial account, including but not limited to investment, savings, checking, money market, brokerage, PayPal or other financial accounts, wherever located.

11. **"Business"** means all activities associated with or incidental to the business of AmeriCapital.

12. **"Business Records"** means general ledgers, asset schedules, balance sheets, monthly profit and loss statements, income statements, schedule of accounts payable, schedule of accounts receivable, inventory lists, K-1's, other financial statements and a schedule of all distributions or payments of expenses made by AmeriCapital on behalf of any party with an ownership interest in the Properties.

13. **"Communication"** or **"Communications"** refers to all correspondence, notes, emails, faxes, memoranda, and all other forms of written or electronic communication.

14. **"Identify"** when used with a natural person means: (1) the full name and address (or, if the current address is not known, the last known address) of the person; (2) the person's present (or, if no longer employed by AmeriCapital, Debtor or Purported Creditors (as defined above), the last position or title held; and (3) each position or title that the person held during the Relevant Time Periods with AmeriCapital, Debtor and Purported Creditors and the date(s) such positions or titles were held.

15. **"29th Street Property"** means the real property located at 712 N. 29th Street, Phoenix, AZ 85008.

16. **"51st Avenue Property"** means the real property located at 2343 N. 51st Avenue, Phoenix, AZ 85035.

17. **"1812 St. Anne Property"** means the real property located at 1812 E. St. Anne Property, Phoenix, AZ 85042.

18. **"331 St. Anne Property"** means the real property located at 331 W. St. Anne Avenue, Phoenix, AZ 85041.

5

19. **"7th Drive Property"** means the real property located at 5525 S. 7th Drive, Phoenix, AZ 85041.

20. **"Loan Documents"** means all of the Documents the Purported Creditors claim evidence the Purported Loans.

21. **"Properties"** means 29th Street Property, 51st Avenue Property, 1812 St. Anne Property, 331 St. Anne Property and 7th Drive Property.

22. **"Purported Loans"** means the loans that the Purported Creditors claim they made to Debtor in connection with the Properties.

23. **"Relevant Time Periods"** as addressed in this Request for Production of Documents is: the period beginning the first time any Purported Creditor commenced discussions, negotiations, or transactions with Debtor relating to any one or all of the Properties through the present.

24. **"TILA Requirements"** means all requirements imposed pursuant to the Truth In Lending Act relating to the Properties and/or the Purported Loans.

25. **"Transaction"** or **"Transactions"** refers to any sales transaction made by the Purported Creditors to Debtor or other party relating to the Properties.

26. **"Transfer"** is intended to have the broadest possible meaning under Fed.R.Bankr.P. 2004 and 9016 and includes every mode, direct or indirect, absolute or conditional, tangible or intangible, voluntary or involuntary, of disposing of or parting with an asset or an interest in an asset and includes payment of money, release, lease, creation of a lien or other encumbrance.

### **INSTRUCTIONS FOR USE**

1. You must produce all documents, wherever located, in the possession, custody, or control of or obtainable by you. Possession, custody, or control includes constructive possession—i.e., if you have a right to compel the production of a matter from any third party (including an agency, authority, custodian, or representative).

2. If, for any reason, you are unable to produce in full any document requested: produce the document to the fullest extent possible; specify the reasons for your inability to produce the remainder of the document; and state in detail whatever information, knowledge, or belief you have concerning the whereabouts and substance of the document, including but not limited to its date of preparation, date of mailing, author, and type (e.g., letter, memorandum, telecopy, etc.).

3. For any document requested that was at any time but is no longer in existence, state:

    (a) the nature of the document (i.e., letter, memorandum, etc.);

    (b) the information contained in the document;

    (c) the date on which it was prepared;

    (d) the date on which it ceased to exist;

    (e) the circumstances under which it ceased to exist;

(f) the identity of the author or initiator of the document;

(g) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and

(h) the identity of all persons who have, or had, knowledge of the contents of the document.

4. For each document requested you are unable to produce but at any time had access to or possession, custody, or control of, state:

(a) the nature of the document (i.e., letter, memorandum, etc.);

(b) the information contained in the document;

(c) the date on which it was prepared;

(d) the identity of the author or initiator of the document;

(e) the identity of any persons who at any time had access to or possession, custody, or control of the document or any copy thereof;

(f) the date on which you lost, relinquished, or otherwise ceased to have access to or possession, custody, or control of the document;

(g) the identity of all persons having knowledge of the circumstances whereby you lost, relinquished, or otherwise ceased to have access to or possession, custody, or control of the document; and

(h) the identity of all persons who have, or had, knowledge of the contents of the document, in full or in part.

5. For each document you do not produce on the ground that it is not subject to discovery or has already been produced, state:

(a) the name of the author, writer, sender, or initiator of the document;

(b) the name of each person to whom the document was sent or intended to be sent;

(c) the name of each and every person who received a copy of the document;

(d) the date of the document, or if no date appears on the document, the approximate date when it was prepared;

(e) the title of the document, or if it had no title, a description of the document sufficient to identify it;

(f) the subject matter of the document;

(g) the ground(s) claimed for withholding the document from discovery (i.e., attorney-client or work product privilege);

(h) a full explanation of the factual and legal bases for not producing the

7

        document;

    (i)    the identity of the present custodian of the document;

    (j)    the identity of each person who was present when the document was prepared and who has seen the document; and

    (k)    the identity of every other document, which refers to or otherwise describes the content of the document.

6. All documents produced by you must be organized and labeled to correspond to the paragraph or subparagraph of this request to which they are responsive.

7. Each document produced by you must be produced as it is kept in the usual course of business (i.e., in the file folder or binder in which such documents were located when the request was served).

8. Produce each document that is stapled, clipped, or otherwise attached to a requested document attached in the same manner as the original, regardless of whether the production of that document is otherwise required by this request.

9. If more than one copy of a requested document is in your possession, custody, or control, produce each copy that in any way differs from any other copy, including, without limitation, any difference caused by writings placed on the document by any person or resulting from the number of pages comprising the document or the attachment of documents by staple, clip, or otherwise.

## **DOCUMENTS TO BE PRODUCED**

1. Provide original promissory note(s) or other debt instrument(s) evidencing Purported Loan(s) relating to the Properties, together with any security instrument, including a deed of trust, mortgage, contract for sale, or other Document that the Purported Creditors claim secures the Purported Loans against the Properties, including all Loan Documents involving Debtor.

2. Provide copies of monthly statements or where applicable annual, semi-annual, or quarterly statements, for any Account AmeriCapital maintains for each Purported Creditor relating to each Property for the Relevant Time Periods, including but not limited to statements issued to Debtor or other person.

3. Provide copies of Business Records for AmeriCapital for the Properties and/or for the Purported Creditors for the Relevant Time Periods.

4. Provide copies of all Documents purportedly satisfying the TILA Requirements for each Purported Loan and/or Property for the Relevant Time Periods.

5. Provide copies of all Communications by, between or among AmeriCapital, any of the Purported Creditors, and/or Debtor during the Relevant Time Periods.

6. Provide copies of all Documents relating to any purported lease relating to any of the Properties.

7. Provide copies of all Documents evidencing the Transactions between any of the Purported Creditors and Debtor relating to the Properties or any other property.

8. Provide copies of all Documents evidencing the Transfer of the Properties to, by, or between the Purported Creditors and Debtor.

9. Identify all individuals who are employed or were employed by AmeriCapital for the Relevant Time Periods.

10. Provide copies of all federal Form 1099(s) issued to or from AmeriCapital relating to the Properties and/or the Purported Creditors for the Relevant Time Periods.

11. Provide copies of all Documents relating to purported tenants or buyers of the Properties for the Relevant Time Periods.

12. Provide copies of all Communications by, between or among AmeriCapital, any of the Purported Creditors and/or tenants or buyers of the Properties during the Relevant Time Periods.

13. Provide copies of all Communications by, between or among Debtor and/or tenants or buyers of the Properties during the Relevant Time Periods.

SO ORDERED.

Dated: February 17, 2017



_____
**Madeleine C. Wanslee, Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| In re: | Chapter 7 |
|---|---|
| PROSOLUTIONS L.L.C., | Case No. 2:16-bk-08653-MCW |
| Debtor. | **ORDER REQUIRING EXAMINATION PURSUANT TO FED.R.BANKR.P. 2004, FED.R.CIV.P. 30(b)(6) AND FED.R.CIV.P. 45** |

This Court having considered the Chapter 7 Trustee's ("Trustee") *Application for Order Requiring Examination Pursuant to Fed.R.Bankr.P. 2004, Fed.R.Civ.P. 30(b)(6) and Fed.R.Civ.P. 45,* and good cause appearing,

**IT IS HEREBY ORDERED** directing authorized representative of AmeriCapital, LLC ("AmeriCapital"), the purported servicing agent for (i) E.E. Cox L.L.C.; (ii) Douglas J. Kingston, a single man; (iii) First Trust Company of Onaga FBO, Douglas J. Kingston; (iv) Infinity Trust, Kathy Raymond, Trustee; and (v) BDR Investments, LLC, to appear at the offices of GUTTILLA MURPHY ANDERSON, P.C., 5415 E. High St., Suite 200, Phoenix, Arizona 85054 at the time set forth in any Notice of Deposition and/or Subpoena Duces Tecum served upon AmeriCapital, by the Trustee, and to then and there answer each and every question the Trustee may propound and to produce any document that the Trustee may request concerning all matters of inquiry allowed under Fed.R.Bankr.P. 2004, Fed.R.Civ.P 30(b)(6) and Fed.R.Civ.P 45.

**IT IS FURTHER ORDERED** that the examination will be scheduled on a date and time agreeable to the parties or, if upon notice, after not less than twenty-eight (28) days' notice. The subpoena or request for production of documents will be scheduled on a date and time agreeable to the parties or, if upon notice, after not less than twenty-one (21) days' notice.

**DATED AND SIGNED ABOVE**